UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HEATHER LEACH, § | |
| *Plaintiff* § | |
| § | |
| v. § | Case No. SA-23-CA-01428-XR |
| § | |
| HEB, § | |
| *Defendant* § | |

## ORDER ON REPORT AND RECOMMENDATION

On this date, the Court considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation (ECF No. 41) on Plaintiff's Motion to Vacate an Arbitration Award (ECF No. 36), Plaintiff's objections (ECF Nos. 44), Plaintiff's Motion to Strike (ECF No. 46), and Defendant's response (ECF No. 47). After careful consideration, the Court issues the following order.

### BACKGROUND

Plaintiff, proceeding pro se, filed this case in Texas state court alleging that she was discriminated against, retaliated against, and harassed by her employer in violation of Title VII of the Civil Rights Act. *See* ECF No. 1-1 (Original Petition). Defendant removed to this court based on federal question jurisdiction and moved to compel arbitration. ECF No. 10. That motion was granted. ECF No. 21.

Arbitration occurred in March 2025. ECF No. 40. The arbitrator issued a final award detailing the evidence and finding against Plaintiff regarding her discrimination, harassment, hostile-work-environment, and retaliation claims. *Id.*

1

Plaintiff filed this motion in July 2025. ECF No. 36. She asks the Court to vacate the arbitrator's award on a number grounds (Defendant's fraud, the arbitrator's bias or corruption, the arbitrator' misconduct, and the arbitrator's abuse of her powers). ECF No. 33.

On November 5, 2025, the Magistrate Judge issued her Report and Recommendation on Plaintiff's Motion to Vacate.[1] The Magistrate Judge reported that the Plaintiff had failed to establish that: (1) the arbitration award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption by the arbitrator; (3) the arbitrator was guilty of any misconduct; or (4) the arbitrator exceeded her powers. ECF No. 41. The Magistrate Judge recommended that the Plaintiff's motion to vacate the arbitration award be denied. *Id*.

Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation. ECF No. 44. Defendant responded (ECF No. 45), and Plaintiff thereafter filed an Omnibus Motion to Strike Defendant's Response (ECF No. 36). Further responses and replies followed. (ECF Nos. 47, 48).

## DISCUSSION

### I. Plaintiff's Objections Rely on Subjective Belief and Conclusory Statements

Plaintiff makes three principal objections to the Report and Recommendation. All three rely on subjective belief and conclusory statements to rehash arguments that the Magistrate Judge properly addressed.

A party may serve and file objections to a Report and Recommendations within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982). Courts must review

---

[1] This matter was referred to the Magistrate Judge for disposition of all pretrial matters. ECF No. 13.

*de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Plaintiff first argues that the arbitrator was corrupt and evidently partial to Defendant; specifically, that Defendant and the arbitrator engaged in a cover up. ECF No. 46 at 21. She bases this allegation on the fact that the arbitrator handled another matter involving Defendant. But as noted by the Magistrate Judge, the arbitrator disclosed her history in matters involving Defendant and its counsel. ECF No. 41 at 4. Indeed, in the material provided by the Plaintiff, the arbitrator noted that she served as a mediator or arbitrator for Defendant on several occasions. ECF No. 44 at 21–22.

Second, Plaintiff argues that the arbitrator improperly weighed and excluded evidence. This objection centers on the contention that (1) the arbitrator should have credited Plaintiff's testimony and (2) the Defendant's witnesses and its attorneys were lying. Plaintiff also complains that the arbitration hearing did not have the formality of a court proceeding. She complains that the arbitrator: "refused to hear critical evidence; relied on deposition testimony from a separate arbitration to which Plaintiff was not a party; ignored Plaintiff's protected activity, discrimination claims, and emotional distress; gave one-sided evidentiary rulings; misapplied the law; minimized or disregarded credible testimony; displayed evident partiality due to repeat-player financial incentives; exceeded her authority; and rendered an award that contradicts the very purpose of arbitration under federal law." ECF No. 46 at 19.

But review of an arbitration award is "extraordinarily narrow," and a court "should defer to the arbitrator's decision when possible." *Olali v. CVS, Inc.*, No. 25-10445, 2025 WL 2334335, at *1 (5th Cir. Aug. 13, 2025). This includes the arbitrator's decisions when weighing evidence.

Third and finally, Plaintiff argues that the arbitrator exceeded the scope of the arbitration agreement. But Plaintiff fails to make such a showing. Plaintiff and Defendant agreed to arbitrate any controversy or claim arising out of her employment. ECF No. 10-1. The arbitrator resolved, albeit not as Plaintiff wanted, her claims of discrimination, harassment, and retaliation that took place in her employ with Defendant.

Arbitration awards can only be vacated under specific circumstances.[2] Plaintiff provides only her subjective belief and conclusory statements that any of these exceptions apply. The arbitrator heard evidence in the matter and issued a written report of her conclusion. Even if Plaintiff believes that the arbitrator was mistaken in her evaluation of the witnesses and facts, that is not grounds for vacating an arbitral award. *See, e.g.*, *Bain v. Whitney Bank*, 919 F. Supp. 2d 735, 741 (E.D. La.), *aff'd sub nom. Bain v. Bank*, 539 F. App'x 485 (5th Cir. 2013).

## II. Plaintiff's Motion to Strike Is Procedurally Improper

Plaintiff filed a Motion to Strike Defendant's response to her objections to the Report and Recommendation. ECF No. 46. Federal Rule of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

---

[2] "(1) [W]here the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

*Citigroup Glob. Markets, Inc. v. Bacon*, 562 F.3d 349, 352 (5th Cir. 2009).

FED. R. CIV. P. 12(f). Defendant's response to Plaintiff's objections is not a pleading. *See* FED. R. CIV. P. 7 (defining "pleadings" to only include complaints, answers, and replies to answers). While the Court notes her disagreement with Defendant's response, Plaintiff's motion is procedurally improper.

Plaintiff's Motion to Strike (ECF No. 46) is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Report and Recommendation (ECF No. 41) is **ADOPTED**. Plaintiff's Motion to Vacate (ECF No. 36) is **DENIED**. Plaintiff's Motion to Strike (ECF No. 46) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 19th day of December, 2025.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE