IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HEATHER LEACH, | § | |
| *Plaintiff,* | § | SA-23-CV-01428-XR |
| vs. | § | |
| HEB, | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [#53], which the Court construes as a motion to proceed *in forma pauperis* ("IFP") on appeal, and Plaintiff's Motion to Stay Enforcement of Arbitration Award Pending Appeal [#54]. The above-styled and numbered cause of action was referred to the undersigned for disposition of pretrial matters on January 8, 2024 [#13]. The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, it is recommended that Plaintiff's Motions [#53, #54] be **DENIED**.

## I.  Motion to Proceed IFP on Appeal

Plaintiff has filed an appeal with the Fifth Circuit Court of Appeals and asks the Court to permit her to proceed without paying the costs and fees associated with that appeal. The process of seeking leave to proceed IFP on appeal is governed by Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915(a)(3). According to Rule 24, a party to a district

1

court action who desires to proceed IFP on appeal must file a motion in the district court.[1]  Fed. R. App. P. 24(a).  The movant is required to attach an affidavit to the motion that shows in detail the movant's inability to pay the appeal costs and fees, claims an entitlement to redress, and states the issues the movant intends to present on appeal.  *Id.* at 24(a)(1).

Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  An appeal is taken in good faith under Section 1915(a)(3) if a litigant seeks appellate review of any issue that is not frivolous.  *Howard v. King*, 107 F.2d 215, 220 (5th Cir. 1983).  Accordingly, in addition to demonstrating that her financial condition qualifies her to proceed under the IFP statue, a movant must also demonstrate that her appeal involves nonfrivolous issues.  *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

The affidavit Plaintiff filed with the Court in conjunction with her motion to proceed *in forma pauperis* on appeal explained her inability to pay the costs associated with her appeal. Although the affidavit did not inform the Court of the issues Plaintiff intends to appeal or why she is entitled to redress, Plaintiff asserts in her motion to stay enforcement of the arbitration award that her appeal "presents substantial, non-frivolous questions under the Federal Arbitration Act, including whether the arbitrator exceeded her contractual authority and whether the proceedings comported with fundamental fairness" [#54].  Plaintiff raised these same arguments in her objections to the Report and Recommendation issued by the undersigned on November 5, 2025 [#41, #44].  The District Court adopted the report and recommendation on December 19,

---

[1] The undersigned notes that Plaintiff did not seek to proceed IFP in the underlying district court action.  Therefore, the provisions of Rule 24(a)(3), which permits a party already obtaining IFP status to proceed on appeal "without further authorization," do not apply.

2025, denying Plaintiff's motion to vacate the arbitration award [#50]. The Court thus did not find any of Plaintiff's arguments to have merit.

Plaintiff has not articulated any basis for her belief that the District Court's ruling was erroneous. Instead, Plaintiff references the arguments made in her previous motion to vacate the arbitration award. Accordingly, the undersigned recommends that Plaintiff's motion to proceed IFP on appeal be denied because Plaintiff has not met her burden to establish a nonfrivolous basis for her appeal. *See* Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(3). This recommendation does not bar Plaintiff from pursuing her appeal, only from proceeding without paying the fees typically assessed on all litigants seeking further review of their claims.

### II. Motion to Stay Enforcement of Arbitration Award Pending Appeal

A district court has broad discretion to stay proceedings in the interest of justice and to control its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts in the Fifth Circuit employ a four-part test when presented with a motion for a discretionary stay pending appeal, considering: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether granting the stay would substantially harm the other parties; and (4) whether granting the stay would serve the public interest. *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001) (citing *Ruiz v. Estelle,* 650 F.2d 555, 565 (5th Cir. 1981)). The stay applicant bears the burden of showing that a stay is warranted. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

Plaintiff has not met her burden to show that a stay is warranted in this case. For the reasons discussed above, she has not made a showing of likelihood of success on the merits of her appeal. Nor has she shown that she would suffer irreparable injury if the stay were not granted. Although Plaintiff claims that enforcement of the arbitration award would impose

severe financial hardship upon her, the arbitrator assessed costs "as incurred." (Final Award [#36], at 48.) As Defendant underscored in its response to Plaintiff's motion to vacate the arbitration award, Defendant paid the costs associated with arbitration; they were therefore assessed against Defendant, not Plaintiff. (Resp. [#36], at 4.) Plaintiff's remaining cursory arguments also fail to meet her burden to show a stay is warranted. Accordingly, the undersigned recommends that Plaintiff's motion to stay proceedings be denied.

### III.  Conclusion and Recommendation

For the reasons discussed above, the undersigned recommends that the District Court certify that Plaintiff's appeal is not taken in good faith and **DENY** Plaintiff's IFP Application [#53]. The undersigned further recommends that the District Court **DENY** Plaintiff's Motion to Stay Enforcement of Arbitration Award Pending Appeal [#54].

### IV.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the

4

party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 16th day of March, 2026.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

5