**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| HEATHER LEACH,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | Case No.  SA-23-CV-01428-XR |
| HEB,<br>*Defendant* | §<br>§<br>§ | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this date, the Court considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation (ECF No. 55) on Plaintiff's Motion to Proceed In Forma Pauperis on Appeal (ECF No. 53) and Motion to Stay Enforcement of Arbitration Award Pending Appeal (ECF No. 54) in light of Plaintiff's objections (ECF No. 58). After careful consideration, the Court adopts the report and recommendation ("R&R").

## BACKGROUND

### I. Procedural History

Plaintiff, proceeding *pro se*, filed this case in Texas state court. *See* ECF No. 1-1 (Original Petition). She alleged that her employer discriminated against her, retaliated against her, and harassed her in violation of Title VII of the Civil Rights Act. *Id.* Defendant removed to this court based on federal question jurisdiction and moved to compel arbitration. ECF No. 10. That motion was granted. ECF No. 21. Arbitration occurred in March 2025. ECF No. 40. The arbitrator issued a final award detailing the evidence and finding against Plaintiff on her discrimination, harassment, hostile-work-environment, and retaliation claims. *Id.*

Plaintiff moved to vacate this award. ECF No. 26. The Court denied Plaintiff's motion and issued a final judgment against Plaintiff. ECF Nos. 50–51. Plaintiff appealed. ECF No. 52.

1

**II. Current Motions**

Plaintiff now moves to proceed *in forma pauperis* ("IFP") on appeal (ECF No. 53) and stay enforcement of the arbitration award pending appeal (ECF No. 54). The Magistrate Judge issued a Report and Recommendation on these motions on March 16, 2026. ECF No. 55.

Addressing the IFP motion, the Magistrate Judge noted that an appellant seeking IFP status must show that her appeal raises nonfrivolous issues. *Id.* at 2 (quoting *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982)). The Magistrate Judge found that "Plaintiff has not articulated any basis for her belief that the District Court's ruling was erroneous" and merely "reference[d] the arguments made in her previous motion to vacate the arbitration award." *Id.* at 3. The Magistrate Judge concluded that "Plaintiff has not met her burden to establish a nonfrivolous basis for appeal" and recommended that the Court deny this first motion. *Id.*

Addressing the motion for a stay, the Magistrate Judge applied a four-part test to determine whether a stay was appropriate. *Id.* Specifically, she weighed (1) Plaintiff's likelihood of success, (2) harm to Plaintiff absent a stay, (3) harm to Defendant given a stay, and (4) whether a stay serves the public interest. *Id.* (citing *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001)). The Magistrate Judge concluded that Plaintiff did not meet her burden to justify a stay because she failed to show a likelihood of success on the merits and failed to show any harm absent a stay. *Id.* at 3–4. The Magistrate Judge similarly recommended that the Court deny Plaintiff's second motion.

## LEGAL STANDARD

A party may serve and file objections to a Report and Recommendation within fourteen days. Fed. R. Civ. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the

district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

Plaintiff noted 29 objections to the R&R. *See generally* ECF No. 58. The vast majority are either frivolous, conclusive, or general. *See, e.g.*, *id.* at 2 (arguing that the R&R "fails to account for the fact that Plaintiff's filings are specifically directed at preserving appellate jurisdiction"); *id.* (arguing that "Plaintiff remains employed by Defendant and continues to experience ongoing harm"); *id.* at 3 ("The [R&R] is based on an incomplete and inaccurate characterization of Plaintiff's filings . . . ."); *id.* at 4 ("Plaintiff's appeal is supported by evidence . . . ."); *id.* at 4 ("[S]imilar arbitration outcomes . . . have occurred in related matters involving the same Defendant."); *id.* at 5 ("Defendant's assertions appear to be credited over Plaintiff's evidence."). These objections fail to "specifically identify those findings that Plaintiff objects to," so the Court need not address them. *See Nettles*, 677 F.2d at 410 n.8.

Putting these aside, Plaintiff raises two specific objections. First, she argues that her appeal involves nonfrivolous issues. ECF No. 58 at 3. But as the Magistrate Judge noted, the Court already addressed these issues, and "Plaintiff has not articulated any basis for her belief that the [Court]'s

ruling was erroneous." ECF No. 55 at 3 (citing ECF No. 50). Instead, she repeats arguments that the Court already rejected.

Second, Plaintiff argues that the Magistrate Judge ignored Plaintiff's ongoing employment with Defendant when ruling that a stay would not prevent irreparable harm. ECF No. 58 at 2. But Plaintiff did not raise this information in her motion. Nor does Plaintiff now explain why it is material. Even if it were, the Magistrate Judge correctly noted that Plaintiff failed to make a strong showing of success. Thus, the Magistrate Judge found that Plaintiff failed to show that a stay was warranted.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's Report and Recommendation (ECF No. 55) is **ACCEPTED**. Plaintiff's Motion to Proceed *In Forma Pauperis* on Appeal (ECF No. 53) and Motion to Stay Arbitration Enforcement Pending Appeal (ECF No. 54) are **DENIED**.

The Clerk is DIRECTED to mail a copy of this Order to Heather Leach at 6700 N. Vandiver Road, Apt. 1104, San Antonio, TX 78209.

It is so **ORDERED**.

**SIGNED** this April 7, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE